**SUMMONS - CIVIL**
JD-CV-1 Rev. 2-22
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA.* |
|---|

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*



**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 1 Court Street, Middletown, CT 06457 | ( 860 ) 343 – 6400 | July 19, 2022 |

| ☒ Judicial District  ☐ Housing Session | G.A. Number: | At *(City/Town)* Middletown | Case type code *(See list on page 2)* Major: T   Minor: 90 |
|---|---|---|---|

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| George W. Kramer, Esq., 30 Clemens Court, Rocky Hill, CT 06067 | 302764 |

| Telephone number | Signature of plaintiff *(if self-represented)* |
|---|---|
| ( 860 ) 212 – 4871 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)*: gkramerlaw@gmail.com |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| **First plaintiff** | Name: Amancio, Sirley<br>Address: 269 Danbury Road, New Milford, CT 06776 | P-01 |
| **Additional plaintiff** | Name:<br>Address: | P-02 |
| **First defendant** | Name: DePerry, Jeffrey<br>Address: 21 Oil Mill Road, Waterford, CT 06385 | D-01 |
| **Additional defendant** | Name: Town of Old Saybrook<br>Address: c/o Town Clerk, 302 Main Street, Old Saybrook, CT 06475 | D-02 |
| **Additional defendant** | Name:<br>Address: | D-03 |
| **Additional defendant** | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 2 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

**Notice to each defendant**
1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date 6/24/2022 | Signed *(Sign and select proper box)* | ☒ Commissioner of Superior Court  ☐ Clerk | Name of person signing George W. Kramer |
|---|---|---|---|

| If this summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.<br>c. The court staff is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | File Date |

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|

Print Form        Page 1 of 2        Reset Form

RETURN DATE: JULY 19, 2022            : SUPERIOR COURT

AMANCIO, SIRLEY                   : J. D. OF MIDDLSEX

VS.                                         : AT MIDDLETOWN

DEPERRY, JEFFREY             : JUNE 24, 2022
TOWN OF OLD SAYBROOK

## COMPLAINT

**FIRST COUNT** (AMANCIO V. DEPERRY FOR FALSE ARREST)

1) At all relevant times herein, the plaintiff Sirley Amancio (hereinafter "Amancio") resided at 269 Danbury Road, New Milford, CT 06776.

2) At all relevant times herein, the defendant Jeffrey DePerry (hereinafter "DePerry") resided at 21 Oil Mill Road, Waterford, CT 06385, and is being sued in his individual and in his official capacity.

3) At all relevant times herein, DePerry was Captain of the Town of Old Saybrook's police department, and was acting within the general scope and authority in the performance of his regular course of duties.

4) On September 4, 2020, plaintiff was doing carpentry work with two other people at the home of Scott Desmond in Old Saybrook.

5) Toward the end of that same day, September 4, 2020, a neighbor of Scott Desmond started yelling from her house and across the fence to inquire what Amancio and the two other workers were doing at the house and that she was going to call the police.

6) When DePerry and a fellow policeman arrived at the house, they asked Amancio for identification and he provided a valid driver's license.

**GEORGE W. KRAMER, ESQ.**
**ATTORNEY AT LAW**
30 Clemens Court • Rocky Hill, CT 06067 • Tel: 860/529-5105 • Fax: 860/529-5104
Juris No.: 302764

7) Scott Desmond who arrived at the property, confirmed to DePerry that Amancio was authorized to be on the property.

8) Despite a lack of probable cause to arrest Amancio, DePerry did in fact arrest Amancio for the sole purpose of taking him into custody on behalf of ICE.

9) DePerry detained Amancio from 8:30pm until 11:30pm, until an Immigrations and Customs Enforcement Officer named Valentin arrived at the police station.

10) After Officer Valentin arrived, he interviewed Amancio and ordered Amancio to appear at 450 Main Street in Hartford on September 9, 2020.

11) When plaintiff went to 450 Main Street on September 9th as per Officer Valetin's instructions, he was immediately detained by ICE, and then transported to an immigration detention facility in Massachusetts.

12) Amancio remained in detention from September 9 through November 6, 2020 under the fear of imminent deportation every day.

13) Even after his release on November 6th, Amancio has been in active removal proceedings in Immigration Court.

14) DePerry committed the tort of false arrest and as a direct and proximate cause of said false arrest, the plaintiff suffered:

   a) Unlawful detention on September 4, 2020;

   b) Imprisonment from September 9 through November 6, 2020;

   c) Emotional distress;

   d) Active deportation proceedings.

**COUNT TWO** (AMANCIO V. DEPERRY FOR VIOLATION OF C.G.S § 54-192h)

1) Paragraphs one through twelve of the First Count are hereby made paragraphs one through twelve of the Second Count as if fully set forth.

13) DePerry violated C.G.S § 54-192h in that he:

   a. Facilitated the arrest of Amancio by a federal immigration authority;

   b. Provided notification to a federal immigration authority that Amancio would be held at the Old Saybrook Police Department and not released until an ICE agent could interview him;

   c. Allowed a federal immigration authority to interview Amancio while under the control of the Old Saybrook Police Department;

   d. Allowed a federal immigration authority to use the Old Saybrook Police Department to conduct interview with Amancio;

   e. Expended the use of time or other resources to communicate with a federal immigration authority regarding the custody status or release of Amancio;

   f. Performed the function of a federal immigration authority.

14) As a a direct and proximate cause result of said violations of C.G.S § 54-192h committed by DePerry, Amancio suffered:

   a) Unlawful detention on September 4, 2020;

   b) Imprisonment from September 9 through November 6, 2020;

   c) Emotional distress;

   d) Active deportation proceedings.

**COUNT THREE** (AMANCIO V. TOWN OF OLD SAYBROOK FOR FAILURE TO IMPLEMENT OR TRAIN ITS EMPLOYEES REGARDING C.G.S §54-192h)

1) Paragraphs one through twelve of the First Count are hereby made paragraphs one through twelve of the Third Count as if fully set forth.

13) The Defendant Town of Old Saybrook (hereinafter "Town") is a municipal corporation formed under the laws of the State of Connecticut.

14) The Town and its police department have a duty to comply with the Statutes of the State of Connecticut.

15) The Town is required to provide appropriate training for its law enforcement agencies and the employees and agents of such law enforcement agencies to adhere to the provisions of this section C.G.S §54-192h, which is incorporated herein by reference.

16) The Town, its police department, and DePerry have failed to adhere to section C.G.S §54-192h, including the following specific sections of said statute:

   a. "(B) Facilitating the (i) arrest of an individual by a federal immigration authority, or (ii) transfer of an individual to the custody of a federal immigration authority;"

   b. "(C) Providing notification of the release date and time of an individual in custody;"

   c. "(B) Providing notification to a federal immigration authority that such individual is being or will be released at a certain date and time through data sharing or otherwise;"

   d. "(D) Allowing a federal immigration authority to interview such individual under the control of the law enforcement agency;"

   e. "(E) Allowing a federal immigration authority to use a facility or resources in the control of a law enforcement agency to conduct interviews, administrative

proceedings or other immigration enforcement activities concerning such individual;"

f. "(B) Expend or use time, money, facilities, property, equipment, personnel or other resources to communicate with a federal immigration authority regarding the custody status or release of an individual targeted by a civil immigration detainer, except as provided in subsection (e) of this section;"

g. "(D) Give a federal immigration authority access to interview an individual who is in the custody of a law enforcement agency…"

h. "(E) Perform any function of a federal immigration authority, whether pursuant to 8 USC 1357(g) or any other law, regulation, agreement, contract or policy, whether formal or informal."

17) The foregoing illegal actions of the Town and the Old Saybrook Police Department were undertaken as official policy decisions, and practices of the Town and the Old Saybrook Police Department.

18) As a direct and proximate cause result of the foregoing illegal actions, policies and practices of the Town, and the Old Saybrook Police Department, Amancio suffered:

   a) Unlawful detention on September 4, 2020;

   b) Imprisonment from September 9 through November 6, 2020;

   c) Emotional distress;

   d) Active deportation proceedings.

WHEREFORE, the plaintiff claims:

1) Compensatory Damages;

2) Punitive Damages;

3) Attorney's fees;

4) Any other relief to which the Plaintiff may be entitled.

PLAINTIFF

By: _____
George W. Kramer
30 Clemens Court
Rocky Hill, CT 06067

RETURN DATE: JULY 19, 2022 : SUPERIOR COURT

AMANCIO SIRLEY : J. D. OF MIDDLESEX

VS. : AT MIDDLETOWN

DEPERRY, JEFFREY : JUNE 24, 2022
TOWN OF OLD SAYBROOK

### STATEMENT OF AMOUNT IN DEMAND

The amount in demand exclusive of interest and costs exceeds $15,000.00.

PLAINTIFF

By: _____
George W. Kramer
30 Clemens Court
Rocky Hill, CT 06067

**GEORGE W. KRAMER, ESQ.**
**ATTORNEY AT LAW**
30 Clemens Court • Rocky Hill, CT 06067 • Tel: 860/529-5105 • Fax: 860/529-5104
Juris No.: 302764

STATE OF CONNECTICUT)  
                             ss. WATERFORD                                      JUNE 29, 2022  
COUNTY OF NEW LONDON)

      Then and there by virtue hereof and by direction of the Plaintiff's Attorney, I left a true and attested copy of the original Writ, Summons & Complaint at the usual place of abode of the within named Defendant, <u>JEFFREY DEPERRY</u>, at <u>21 OIL MILL ROAD, WATERFORD, CT 06385</u>.

      And also on the <u>29TH</u> day of <u>JUNE, 2022</u>, I left two true and attested copies of the original Writ, Summons & Complaint with and in the hands of the within named Defendant, <u>TOWN OF OLD SAYBROOK, SARAH BECKER, TOWN CLERK</u>, at <u>302 MAIN STREET, OLD SAYBROOK, CT 06475</u>.

      The within and foregoing is the original Writ, Summons & Complaint with my doings endorsed hereon.

Attest:

Beth M. Szymonik  
State Marshal

Fees:

| | |
|---|---|
| Service | $ 80.00 |
| Travel | 31.59 |
| Pages | 24.00 |
| Endorsements | 3.60 |
| Total | $ 139.19 |